# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINETTE MARTIN, <br>                  Plaintiff, <br><br> v. <br><br> FEIN SUCH KAHN & SHEPARD, P.C., <br><br>                  Defendant. | **OPINION** <br><br> Civ. No. 14-3837 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff brings suit alleging various violations of the Fair Debt Collection Practices Act by Defendant. Defendant moves for summary judgment, Plaintiff cross moves for summary judgment on all counts. Decided without oral argument pursuant to Fed. R. Civ. P. 78, Defendant's motion is denied on all counts. Plaintiff's cross motion is granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Antoinette Martin, a resident of Camden County, is a citizen of New Jersey. Am. Compl., ECF No. 13 ¶ 3. Defendant Fein Such Kahn & Shepard ("Fein Such") is a collection agency with its principal place of business in Parsippany, New Jersey. *Id.* ¶ 4. Defendant is a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA"). *Id.* ¶ 6.

Plaintiff was the holder of a credit card account with Providian Bank, later acquired by Washington Mutual Bank ("the Account"). Pl.'s R. 56 Stmt., ECF No. 47-2 ¶ 16. Plaintiff failed to make payments due to Providian Bank on this account in the total principal amount of

1

$2,458.05. Pl.'s Response to Def.'s R. 56 Stmt., ECF No. 47-3 ¶ 7.[1] Through a series of alleged assignments[2], Baxter Financial LLC became the owner of the Account. Def.'s R. 56 Stmt. ¶¶ 8-10. In 2008, Baxter Financial retained Fein Such to collect the debt owed on the Account. *Id.* ¶ 11. As part of their debt collection efforts, in March 2008 Defendant commenced an action in the New Jersey Superior Court, Camden County seeking to collect the balance due on the account with interest in a total amount of $5,596.61. *Id.* ¶ 13. Plaintiff failed to appear in that action and a default judgment was entered against her on June 9, 2008 for $5,780.54. *Id.* ¶ 16. Because Defendant had attempted to serve Plaintiff at an incorrect address, Plaintiff was unaware of the Camden County action and unaware that a judgment had been entered against her. Am. Compl. ¶ 9; Pl.'s R. 56 Stmt. ¶¶ 2, 6.

In December 2013, Defendant levied Plaintiff's bank account. Am. Compl. ¶ 11. Upon realizing her account had been levied, Plaintiff contacted Defendant via telephone on December 9, 2013. *Id.* ¶ 12; Pl.'s R. 56 Stmt. ¶ 1. After becoming aware of the Camden County judgment against her, Plaintiff moved to vacate that judgment in December 2013. Am. Compl. ¶ 14. Plaintiff's motion to vacate was granted by the Camden County Superior Court in January 2014. *Id.* ¶ 16.

In January of 2014, after the motion to vacate was granted, Plaintiff wrote to Defendant requesting written verification of the debt. *Id.* ¶ 17. On January 30, 2014, Defendant moved in Camden Country Superior Court to reconsider the vacatur. *Id.* ¶ 18. Plaintiff states that during this period of time, she was not receiving mail due to inclement weather. *Id.* ¶ 19. Consequently, she was unaware of Defendant's motion to reconsider and did not respond to it. *Id.* ¶¶ 19-20. On

[1] Plaintiff and Defendant disagree as to the original principal amount on the account. Defendant's Rule 56 Statement states that the total principal was $2,861.52; Plaintiff states that the total was $2,458.05. JP Morgan Chase financial records support Plaintiff's assertion that the total principal was ultimately $2,458.05. ECF No. 38-2.

[2] Plaintiff disputes the validity of these assignments.

February 28, 2014, Defendant's motion to reconsider was granted and the judgment of the Camden County Superior Court was reinstated. *Id.* ¶ 21. In April 2014, Plaintiff filed a second motion to vacate the judgment. *Id.* ¶ 22. The judgment was vacated for a second time on May 5, 2014. *Id.* ¶ 25. After the judgment was vacated, Defendant continued to contact Plaintiff in an attempt to collect the debate. *Id.* ¶ 26.

Plaintiff is a "consumer" as defined by the FDCPA. 15 U.S.C. § 1692a(3). Her alleged debt arose out of transactions made for family, personal and household purposes and is therefore debt covered by the FDCPA. 15 U.S.C. § 1692a(5). Defendant, a debt collection agency, is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

Plaintiff brought suit in this district on June 16, 2014. Her Complaint alleges that Defendant violated the FDCPA by (1) making false, deceptive and/or misleading representations in connection with debt collection in violation of § 1692e; (2) misrepresenting the character, amount, or legal status of debt in violation of § 1692e(2); (3) taking action against Plaintiff that could not legally be taken in violation of § 1692e(5); (4) failing to send an initial validation notice within 5 days of the initial communication with Plaintiff in violation of § 1692g(a); (5) failing to provide verification of the debt and continuing to collect debt after being made aware that the debt was disputed in violation of §1692g(b); and (6) attempting to collect an amount not authorized by agreement or permitted by law in violation of § 1692f(1). Defendant now moves for summary judgment on all counts. Plaintiff has cross-moved for summary judgment on all counts.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The movant bears the initial burden to demonstrate the absence of a genuine issue of material fact for trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006). Once the movant has carried this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" in question. *Scott*, 550 U.S. at 380 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Each party must support its position by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Scott*, 550 U.S. at 380. At this stage, the Court's "function is not . . . to weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, and it is "inappropriate for a court to . . . make credibility determinations." *Big Apple BMW, Inc. v. BMW of North Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## DISCUSSION

I. **Plaintiff's § 1692g claims**

    a. **Defendant failed to send an initial validation notice in violation of § 1692g(a)**

Under the FDCPA, within 5 days of their initial communication with the consumer, debt collectors are required to send the consumer written validation of the debt, including the amount of the debt and the name of the creditor. 15 U.S.C. § 1692g(a). Plaintiff argues that Defendant failed to do this within 5 days of their initial communication, which she states occurred on December 9, 2013, when she called Defendant upon realizing that her bank account had been levied. Defendant disagrees about the date of the initial communication. They argue that the initial communication occurred in 2008, when they first began attempting to collect the debt, and sent Plaintiff the required notice by mail. Plaintiff contends that she never received any communication from Defendant before the December 9, 2013 telephone call, and that she did not reside at the address to which Defendant sent the initial validation notice. Consequently, the question of whether Defendant complied with § 1692g(a) turns on whether the initial communication occurred in 2008 or 2013, and whether Plaintiff actually received the letter that Defendant states was mailed to her in 2008.

The language of § 1692g(a) does not require creditors to verify that a notice of validation has been received by the intended recipient. 15 U.S.C. § 1692g(a); *see also Mahon v. Credit Bureau of Placer Cty.*, 171 F. 3d 1197, 1201 (9th Cir. 1999). Creditors have fully met their obligations under this portion of the statute once they send the notice of validation. *Mahon*, 171 F.3d at 1201. In reaching this conclusion, courts have relied on the common law Mailbox Rule and its rebuttable presumption that a properly mailed document is received by the addressee. *Id.*; *Johnson v. Midland Credit Mgmt.*, 2006 WL 2473004 at * 12 (N.D. Ohio Aug. 24, 2006). Absent

evidence to rebut the Mailbox Rule presumption, a debt collector has satisfied § 1692g(a). *Johnson* 2006 WL 2473004 at *13. However, once the consumer rebuts the presumption of delivery with evidence that they did not receive the notice, the burden shifts to the creditor to show that their notice was actually sent to a valid address where the consumer would actually receive it. *Id.*

The Third Circuit has not directly addressed this issue, but adopts the reasoning of those courts that have in *Peterson v. Portfolio Recovery Assoc.*, 430 Fed. App'x 112 (3d Cir. 2011). The district court in *Peterson* determined that a letter sent to an address at which the Plaintiff did not live could not constitute an initial communication under § 1692g(a). *Peterson v. Portfolio Recovery Assoc.*, 2010 WL 2015260 at *3 (D.N.J. May 19, 2010) (rev'd on other grounds). On appeal for consideration of statute of limitation issues, the Third Circuit adopted the district court's reasoning and accepted the date of the first notice sent to the Plaintiff's correct address as the initial communication. *Peterson*, 430 Fed. App'x at 114-15 ("validation notice included with the 2003 letter did not comply with 15 U.S.C. § 1692g(a) because that letter was not actually sent to Peterson, but instead went to an address at which he had never resided.").

Fein Such states that they mailed an initial notice to Plaintiff on January 31, 2008 at 194 Hampshire Road, Sicklerville, New Jersey, the address identified on her account records. Plaintiff states that she never received this letter because she did not reside at this address, and had not resided there since 2006. To support this contention, Plaintiff provides her driver's license, issued in July of 2006, showing that she resides at a different address from 194 Hampshire Road. Pl.'s Ex. C, ECF No. 47-6. Plaintiff also provides receipts for mail returned as undeliverable to the 194 Hampshire Road address from the period of November 2008 to September 2013. These receipts include multiple letters sent from and returned to the Defendant.

Pl.'s Ex. B, ECF No. 47-6. This evidence is sufficient to overcome the Mailbox Rule presumption that Plaintiff received any communication sent to her at 194 Hampshire Road. As a result, the burden now switches to Defendant to show that the December 2008 notice was actually sent to a valid address at which Plaintiff could have received it. Defendant does not provide any evidence sufficient to meet this burden. Instead, it merely states, that the letter was never returned as undeliverable. Defendant's only evidence that the letter was sent to a valid address is the declaration of Philip Kahn. Mr. Kahn's statements about the 2008 letter are not based on personal knowledge. *See* Kahn Dep., ECF No. 47-7 at 41-42 (Mr. Kahn states that he had no knowledge of Fein Such's policy for verifying addresses in 2008). This type of evidence is insufficient to establish that a letter was sent to a valid address. *See Kimmel v. Cavalry Portfolio Services*, 2011 WL 3204841 at *5 (E.D. Pa. July 28, 2011) (finding an issue of fact existed as to whether a notice was mailed to the consumer where creditor's evidence was an affidavit not based on personal knowledge); *cf. Rogozinski v. NCO Financial Systems*, 2012 WL 5287896 at *5 (E.D. Pa. Oct. 25, 2012) (defendant offered sufficient evidence to show the letter had been sent to a valid address where they ran address checks through both Lexis-Nexis and the National Change of Address database, affiant indicated his personal knowledge of procedures in place at the time of mailing).

Defendant has not been able to offer sufficient evidence to suggest that it actually sent the December 2008 validation notice to Plaintiff's valid address. Nor have they offered evidence showing that they successfully communicated with Plaintiff on any other date before the December 9, 2013 telephone call. Consequently, we conclude that the initial communication occurred on December 9, 2013. Because it is an undisputed fact that Defendant did not provide a validation notice within 5 days of the December 9, 2013 communication, Defendant violated §

1692(a). Defendant's motion for summary judgment on Plaintiff's § 1692g(a) claim is denied. Plaintiff's motion for summary judgment is granted as to this claim.

### b. Defendant failed to respond to Plaintiff's request to verify her debt, and continued to try to collect disputed debt in violation of § 1692g(b)

The FDCPA requires that if a consumer notifies a debt collector in writing, within 30 days of the initial communication, that the debt is disputed, or requests the name and address of the original creditor, the debt collector must cease collection of the debt until they obtain verification of the debt, and a copy of that verification is mailed to the consumer. 15 U.S.C. § 1692g(b). On January 9, 2014, Plaintiff submitted a written request for verification of her debt. Kahn Decl. ¶ 14. Defendant refused to comply with this request, maintaining that it was not obligated to do so because the request occurred more than 30 days after the initial communication. *Id.*

Having now determined that the initial communication occurred on December 9, 2013, it was plainly improper and a violation of §1692g(b) for Defendant to refuse Plaintiff's verification request. Any actions Defendant took after Plaintiff's verification request that were further attempts to collect debt were additional violations of §1692g(b). Defendant's motion for summary judgment on Plaintiff's § 1692g(b) claim is denied. Plaintiff's motion for summary judgment is granted as to this claim.

### c. Plaintiff's § 1692g claims are not time barred

There is a one-year statute of limitations for any claim brought under the FDCPA. 15 U.S.C. § 1692k(d). For FDCPA claims based on § 1692g, the statute of limitations begins to run at the point of initial communication. *See Peterson*, 430 Fed. App'x at 115. Having determined that the initial communication took place on December 9, 2013, Plaintiff's 1692g claims, filed on June 16, 2014, are not time barred.

## II. Plaintiff's § 1692e claims

Section 1692e of the FDCPA prohibits the use of false, deceptive or misleading statements in connection with the collection of any debt. 15 U.S.C. § 1692e. Plaintiff alleges that Defendant violated this section of the FDCPA in several ways.

### a. § 1692e(11) required disclosures

The FDCPA requires that all communication from a debt collector to a consumer must contain a notice that the communication is from a debt collector. 15 U.S.C. § 1692e(11). This rule applies to all follow-up communications that occur after the initial communication. *Dutton v. Wolpoff & Abramson*, 5 F. 3d 649, 657 (3d Cir. 1993). This disclosure is not required on communication that is for strictly informational purpose, but is mandatory wherever the purpose of the communication is to induce payment by the recipient. *See McLauglin v. Phelan Hallinan & Schmieg LLP*, 756 F.3d 240, 245 (3d Cir. 2014). A letter that is not itself a collection attempt, but that aims to make such an attempt more likely to succeed is still subject to the disclosure requirements of §1692e(11). *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 266 (3d Cir. 2013) (finding that disclosure is required wherever the "animating purpose" is to induce payment by the debtor).

Plaintiff alleges that Defendant violated the § 1692e(11) disclosure requirement by failing to identify themselves as debt collectors in four separate letters sent to Plaintiff on January 8, February 25, March 18, and May 13 of 2014. Pl.'s Exs. E-F, ECF No. 47-6. Three of these letters, the January 8, February 25 and May 13 letters, are plainly not the type of communication that the Third Circuit considered subject to the disclosure rule in *McLaughlin* and *Simon*. These letters are purely for informational purposes, they advise the Plaintiff as to the status of the state court docket and deal only with procedural matters such as scheduling. There is no reasonable

reading of these letters that would construe them as asking for payment, or attempting indirectly to induce payment. However, the March 18, 2014 letter is more problematic. In addition to including a number of misleading statements, as discussed below, the March 18 letter explicitly states that it is an attempt to collect debt and any information obtained will be used for that purpose. Given this disclaimer, it is impossible to read this this letter is anything other than a debt collection attempt. Any communication that is a debt collection attempt must provide the required §1692e(11) disclosures. *See McLaughlin*, 756 F.3d at 245. On its face, this letter states that it is a debt collection attempt. Consequently, the lack of a disclosure that the sender is a debt collector is a violation of § 1692e(11). Plaintiff's cross motion for summary judgment on her §1692e claims is granted as to this single violation only. Having found that the January 8, February 25 and May 13 letters are not debt collection attempts and therefore do not violate § 1692e(11), Plaintiff's motion for summary judgment is denied, and Defendant's motion is granted as to Plaintiff's § 1692e claims based solely on these letters.

The March 18 letter contained further misleading statements in that it states that Defendant's client, Baxter Financial, is not a debt collector. Defendant states that this statement is correct, Baxter Financial as holder of Plaintiff's debt is a creditor, and therefore not a "debt collector" or "collection agency" under the FDCPA. This is plainly wrong. Under the FDCPA creditors are treated as debt collectors if they are third-party buyers of debt, and if the debt was in default at the time the third-party purchased it. *Pollice v. Nat'l Tax Funding L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). Defendant has not contested the fact that Plaintiff's debt was already in default at the point when it was purchased by Baxter Financial. Consequently, Baxter Financial was a "debt collector" under the FDCPA and statements to the contrary were false and misleading.

### b. Defendant's additional misleading statements

Plaintiff also contends that Defendant violated the FDCPA's prohibition on false or misleading statements by failing to inform her of her right under New Jersey Court Rule 4:59-1 to claim a $1000 exemption to her bank levy. In certain circumstances, failing to communicate certain rights can rise to the level of a misleading statement under § 1692e of the FDCPA. *See Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1989). In *Crossley*, the debt collector threatened to take legal action within one week if the consumer did not make payment in full. The Third Circuit found this to be a misleading statement because it failed to inform the consumer of her rights under a Pennsylvania state law which provided her with a right to cure and prevented the debt collector from taking action in the short time frame they had threatened. *Id.* at 571. Critically, *Crossley* does not stand for the proposition that a debt collector must always notify a consumer of their available state court remedies, but rather only when a failure to do so would be misleading in the context of a debt collection attempt.

Consequently, Defendant did not have an absolute obligation to notify Plaintiff of her right to the bank levy exemption under New Jersey state law. However, Defendant sent Plaintiff a letter in which they offered to release $1000 to Plaintiff in exchange for signing an agreement that would have waived her right to dispute the debt. In these circumstances, failing to notify Plaintiff that she was entitled to the $1000 exemption under state law *regardless* of whether or not she signed the agreement, was misleading and a violation of § 1692e.

### c. Attempting to collect a debt without a valid assignment

Finally, Plaintiff argues that Defendant violated § 1692e(2) and §1692e(5) by attempting to collect debt without a valid assignment, and thereby misrepresenting itself as a debt holder. Plaintiff asserts that the debt at issue was never assigned to Defendant, or to its client, Baxter

Financial. In response to this allegation, Defendants purport to show documents assigning Plaintiff's debt to their client, Baxter Financial. Kahn Decl. Ex. B, ECF No. 40-2. However, Plaintiff has raised questions as to the validity of these documents, arguing that they have not been properly authenticated, and that they pre-date the dates her credit card account was even opened, making such an assignment impossible.

This is clearly a factual dispute, and is contingent upon an assessment of the resolution and validity of the evidence. As such, this is not an appropriate issue for summary judgment. Genuine questions of material fact exist on both sides of the validity of the assignment and Defendant's legal ability to collect the debt. Both Plaintiff's and Defendant's motions for summary judgment on this claim are denied.

### III. Plaintiff's § 1692(f) claim

The amount of debt that Defendant attempted – both in and out of court – to collect from Plaintiff was $5,596.61. Plaintiff's credit card statements show a final total balance of $2,458.05. ECF No. 47-3 ¶ 7. Plaintiff asserts that by attempting to collect this larger amount, Defendant was attempting to collect an amount unauthorized by law or agreement in violation of FDCPA § 1692(f). Defendant states that the $5,596.61 figure represents the Plaintiff's final credit card balance inclusive of pre and post charge-off interest. The parties' dispute here turns on the question of the interest rate on Plaintiff's credit card account. Plaintiff contends that her account's annual interest rate was 0.00% and consequently, any additional interest applied was illegally added in violation of the FDCPA. However, Defendant states that while the account's annual percentage rate was 0.00%, this rate did not include additional finance or interest charges. In support of this statement, Defendant's attach a single credit card statement from Plaintiff's account which does illustrate that despite an effective annual interest rate of 0.00%, the daily

periodic rate and corresponding APR are much higher than 0.00%. Def.'s Reply Br. App'x, ECF No-51. While this is enough to overcome Plaintiff's position that there are no questions of material fact as to the impropriety of the amount Defendant attempted to collect, it is insufficient to establish that the balance Defendant was attempting to collect was lawful. In order to establish that fact, Defendant would need to provide a detailed accounting of how exactly they arrived at the $5,596.61 figure. It is not sufficient to simply prove that there was, on one occasion, additional interest and charges on Plaintiff's account. Consequently, this issue cannot appropriately be decided by summary judgment. Both Plaintiff's and Defendant's motions for summary judgment on this claim are denied.

### IV. Plaintiff's § 1692e and § 1692f claims are not time barred

As discussed above, having found that the date of the initial communication was December 9, 2013, any of Plaintiff's claims that stem from Defendant's communications with her are not time barred. This includes her claims that Defendant violated §1692e(11) by failing to include required disclosures in their written communications, and other claims relating to misleading statements in Defendant's written communications. However, Defendant also argues that Plaintiff's additional claims under § 1692e, and her §1692f claim are time barred as they stem from Defendant's conduct in the state court litigation which occurred well outside the one-year statute of limitations period. As previously discussed, Plaintiff states that she was unaware of the state court action until her bank account was levied in December 2013. Despite this claim, Plaintiff has not offered any facts to demonstrate that she was improperly served by the Camden County Court. New Jersey Rule of Civil Procedure 4:4-3 requires personal service of the summons and complaint on the defendant. If personal service cannot be effected after a reasonable and good faith attempt, service may be made by registered or certified mail.

Consequently, Plaintiff's statement that she was unaware of the Camden County action because court communications were sent to an incorrect address, is immaterial until she can demonstrate that she was never served in person, as New Jersey initially requires. Neither Plaintiff nor Defendant have offered any facts that would prove or disprove that Plaintiff was properly served in the Camden County action. Without these facts, it is impossible to adjudicate Defendant's assertion that those claims based upon Fein Such's behavior during the state court litigation are time barred. Consequently, those claims that stem from Defendant's conduct in the course of the state court litigation cannot properly be decided on summary judgment.

## CONCLUSION

On the first count of Plaintiff's Complaint, misleading statements in violation of § 1692e, Plaintiff's motion for summary judgment is granted insofar as it refers to Defendant's March 18, 2014 communication. Defendant's motion for summary judgment is denied on this count. Both Plaintiff and Defendant's motions are denied as to counts two, three and six of the Complaint. On counts four and five, violations of § 1692g, Plaintiff's motion is granted and Defendant's motion is denied. An appropriate order follows.

DATE: 11 July 2014

William H. Walls
Senior United States District Court Judge